## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **ROSA DeLaTORRE**, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2018 CV 2787 |
| | ) |
| -vs- | ) Judge: |
| | ) |
| **TARGET CORPORATION**, a foreign | ) Magistrate Judge: |
| Corporation | ) |
| | ) |
| Defendant. | ) |

### NOTICE OF REMOVAL

Pursuant to *Title 28 U.S.C. §1441, et seq. and 28 U.S.C. § 1332,* Defendant, **TARGET CORPORATION**, by and through one of its attorneys, Robert M. Burke of JOHNSON & BELL, LTD., hereby gives notice of the removal of the above captioned action from the Circuit Court of Cook County, Cause No.: 2018 L 002690, to the United States District Court, Northern District of Illinois, Eastern Division, and in support thereof, states the following:

1.    This action is being removed to federal court based upon the diversity of citizenship of the parties to this cause, and the existence of the requisite amount in controversy, as is also more fully set forth below.

2.    On or about March 14, 2018, Plaintiff, Rosa Maria DeLaTorre, initiated the above captioned lawsuit by the filing of a Complaint entitled *Rosa Maria DeLaTorre v. Target Corporation,* Docket No. 2018 L 002690, in the Circuit Court of Cook County, Illinois.   *A copy of the Complaint at Law is attached hereto as Exhibit "A", and incorporated herein by reference.*

3.    On or about March 14, 2018, Plaintiff caused a Summons to be issued for service upon the registered agent of Target Corporation. *A copy of said Summons is attached hereto, labeled Exhibit "B", and incorporated herein by reference.*

3.    Service was obtained on Target Corporation's registered agent on March 22, 2018.

4.    The United States District Court for the Northern District of Illinois, Eastern Division, has jurisdiction over the above captioned lawsuit pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441 for the following reasons:

(a)    Plaintiff, Rosa Maria DeLaTorre, at the time the lawsuit was commenced and at all relevant times, has been a resident and citizen of the State of Illinois and/or has not been a citizen of the State of Minnesota;

(b)    Defendant, Target Corporation, at the time the lawsuit was commenced and at all relevant times, has been a Minnesota corporation with its principal place of business in Minnesota; therefore, for diversity of citizenship purposes, it is a citizen of the State of Minnesota;

(c)    According to the allegations contained in Plaintiff's Complaint herein, the amount of damages sought in this action by Plaintiffs is in an amount in excess of the Cook County Circuit Court's minimal jurisdictional limit of $50,000.00. Plaintiff, Rosa Maria DeLaTorre, claims to have suffered permanent injuries, severe pain and suffering, loss of normal life, permanent disability, and medical expenses as a result of the occurrence alleged in her complaint (Ex. A, para. 8). Such allegations are sufficient to trigger the duty to remove the case based on the allegations of the complaint. *McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939 (N.D. Ill. 2002*); Varkalis v. Werner Co. & Lowe's Home Center*, 2010 U.S. Dist. LEXIS 84870 (N.D. Ill. 2010*)*, a copy of which decision is attached hereto as Exhibit "C". Moreover, Plaintiff's Counsel has made a settlement demand of $270,000.00;

(d)    Based upon the foregoing, it is Defendant's good faith belief that while liability, causation, and damages will be contested, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs;

(e)    This Notice of Removal is being filed with the Clerk of the United States District Court for the Northern District, Eastern Division,

Case: 1:18-cv-02787 Document #: 1 Filed: 04/19/18 Page 3 of 11 PageID #:3

within thirty (30) days of service of the Summons and Complaint on this Defendant;

(f)     This action, based upon diversity of citizenship and the amount in controversy is, therefore, properly removable, pursuant to *28 U.S.C. § 1441(a)*.

5.     Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

**WHEREFORE, TARGET CORPORATION,** respectfully requests that this case proceed before this Court as an action properly removed.

Respectfully submitted,

JOHNSON & BELL, LTD.


By:     /s/Robert M. Burke
        One of the Attorneys for the Defendant,
        Target Corporation

Robert M. Burke, #6187403
JOHNSON & BELL, LTD.
Attorneys for Defendant
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770

ELECTRONICALLY FILED
3/14/2018 2:26 PM
2018-L-002690
CALENDAR: H
PAGE 1 of 3
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

30743.00B900

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| ROSA MARIA DeLaTORRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| TARGET CORPORATION, A Foreign | ) | |
| Corporation | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT AT LAW

Now comes the PLAINTIFF, ROSA MARIA DeLaTORRE (PLAINTIFF) by and through her attorneys, EDWARD J. MURPHY and LIPE LYONS MURPHY NAHRSTADT & PONTIKIS LTD., and for her cause of action against the DEFENDANT, TARGET CORPORATION states as follows:

1.     On and prior to March 17, 2016 the Plaintiff, ROSA MARIA DeLaTORRE, was an individual residing in the City of Chicago, County of Cook, and State of Illinois.

2.     On and prior to March 17, 2016, the DEFENDANT TARGET CORPORATION, a foreign corporation authorized to do business in the State of Illinois, owned, operated, managed, maintained, leased and controlled a Target retail store open to the public located at 1940 W. 33rd Street, Chicago, Cook County, Illinois 60608.

3.     On March 17, 2016 the PLAINTIFF was lawfully on the premises as an invitee and a patron of the Target retail store located at 1940 W. 33rd Street, Chicago, Cook County, Illinois 60608.

{00226956}


EXHIBIT
A

4. On March 17, 2016 the DEFENDANT, TARGET CORPORATION, had a duty to exercise ordinary care to maintain its property in a reasonably safe condition and to exercise ordinary care in its ownership, operation, maintenance, management, inspection and control of the retail store described above and to exercise ordinary care for the safety of patrons, invitees, and customers present in the store including the Plaintiff.

5. On March 17, 2016 the DEFENDANT, TARGET CORPORATION, at the retail store located at 1940 W. 33rd Street, Chicago, Cook County, Illinois 60608, by its agents, servants, and employees, was negligent in one or more of the following ways with respect to its ownership, operation, maintenance, management, inspection and control of the retail store:

ELECTRONICALLY FILED
3/14/2018 2:26 PM
2018-L-002690
PAGE 2 of 3

a) carelessly and negligently failed to properly maintain and control the aisles and the placement of shelving in the store;

b) carelessly and negligently failed to properly inspect the aisles and shelving in the store;

c) carelessly and negligently failed maintain the aisles and shelving in a proper and safe condition;

d) carelessly and negligently failed to correct a dangerous condition in the retail store;

e) carelessly and negligently allowed a dangerous condition to exist in the retail store - a shelf at floor level protruding into an aisle occupied and used by customers;

f) carelessly and negligently arranged merchandise for sale in an area in which a shelf at floor level protruded into an aisle occupied and used by customers walking in the area;

g) carelessly and negligently failed to warn customers, including the Plaintiff, about the presence of a shelf protruding at floor level into an aisle occupied and used by customers;

h) carelessly and negligently arranged the display of merchandise for sale in a area immediately above a shelf protruding at floor level into an aisle occupied and used by customers;

{00226956}

i)   carelessly and negligently placed a shelf at or near floor level in an aisle used by customers with colors that deceivingly blended in with the surrounding floor thus created a tripping hazard;

j)   was otherwise carelessly and negligent.

6.   As a proximate result of one or more of the aforesaid careless and negligent acts or omissions of the DEFENDANT, TARGET CORPORATION, by it agents servants and employees, the PLAINTIFF tripped and fell on the Defendant's premises and sustained damages including: serious and permanent personal injuries; severe pain and suffering; temporary and permanent disability; disfigurement, loss of a normal life, and incurred expenses for medical care and treatment including the cost of surgery, physical therapy, and medications.

WHEREFORE, the PLAINTIFF, ROSA MARIA DE LA TORRE, asks that this Honorable Court enter judgment in her favor and against the DEFENDANT, TARGET CORPORATION, for an amount in excess of $50,000 plus costs of this suit.

The PLAINTIFF demands trial by a jury of 12 persons.

Respectfully submitted,

LIPE LYONS MURPHY NAHRSTADT & PONTIKIS LTD.

By: _____
        EDWARD J. MURPHY

EDWARD J. MURPHY
LIPE LYONS MURPHY NAHRSTADT & PONTIKIS, LTD.
Firm I.D. 49614
Attorneys for Plaintiff
230 West Monroe Street, Suite 2260
Chicago, Illinois 60606
P: 312-448-6234
F: 312-726-2273
ejm@lipelyons.com

ELECTRONICALLY FILED
3/14/2018 2:26 PM
2018-L-002690
PAGE 3 of 3

{00226956}                                  3

Summons - Alias Summons                                                                                      (12/31/15) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**ROSA MARIA DELATORRE**
          **v.**

**TARGET CORPORATION, A FOREIGN
CORPORATION**

No. 2018-L-002690

Defendant Address:
TARGET CORPORATION, A FOREIGN
CORPORATION
R/A C T CORPORATION SYSTEM
208 S. LASALLE ST.
SUITE 814
CHICAGO, IL 60604

☑ SUMMONS ☐ ALIAS - SUMMONS

**To each defendant:**

    YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801 _____ ,Chicago, Illinois 60602
☐ District 2 - Skokie      ☐ District 3 - Rolling Meadows      ☐ District 4 - Maywood
    5600 Old Orchard Rd.       2121 Euclid 1500            Maybrook Ave.
    Skokie, IL 60077          Rolling Meadows, IL 60008     Maywood, IL 60153
☐ District 5 - Bridgeview     ☐ District 6 - Markham         ☐ Richard J. Daley Center
    10220 S. 76th Ave.       16501 S. Kedzie Pkwy.       50 W. Washington, LL-01
    Bridgeview, IL 60455     Markham, IL 60428         Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: 49614

Name: LIPE LYONS MURPHY NAHRSTADT PONTIKI

Atty. for: ROSA MARIA DELATORRE

Address: 230 W MONROE 2260

City/State/Zip Code: CHICAGO, IL 60606

Telephone: (312) 448-6235

Primary Email Address: ejm@lipelyons.com

Secondary Email Address(es):

cindy@lipelyons.com

Witness:       Wednesday, 14 March 2018

/s DOROTHY BROWN
DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

_____  _____
(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**Page 1 of 1**

EXHIBIT
B

DIE DATE
04/07/2018

DOC TYPE:    LAW
CASE NUMBER:    18L002690
DEFENDANT
TARGET CORPORATION
208 S LASALLE ST
CHICAGO, IL 60604
STE 814

SERVICE  IF
RM 801

ATTAC ED

No *Shepard's* Signal™
As of: April 18, 2018 7:31 PM Z

## *Varkalis v. Werner Co.*

United States District Court for the Northern District of Illinois, Eastern Division

August 18, 2010, Decided; August 18, 2010, Filed

No. 10 C 03331

**Reporter**

2010 U.S. Dist. LEXIS 84870 *; 2010 WL 3273493

MARY VARKALIS, as Independent Administrator of the Estate of MICHAEL VARKALIS, Plaintiff, v. WERNER CO. & LOWE'S HOME CENTER INC., d/b/a LOWE'S Defendants.

## Core Terms

removal, notice, amount in controversy, days, original complaint, diverse

**Counsel:** **[*1]** For Mary Varkalis, estate of Michael Varkalis, Plaintiff: Martin A. Dolan, Dolan Law Offices, P.C., Chicago, IL.

For Werner Co., Lowe's Home Centers, doing business as Lowe's, Defendants: Michael Joseph Meyer, LEAD ATTORNEY, Eric Franklin Long, Stephen Sloan Weiss, Tribler Orpett and Meyer, P.C., Chicago, IL.

**Judges:** Blanche M. Manning, United States District Judge.

**Opinion by:** Blanche M. Manning

## Opinion

### MEMORANDUM AND ORDER

The defendants removed the instant lawsuit from the Circuit Court of Cook County and the plaintiff has filed a motion to remand. For the reasons stated below, the motion is granted.

### I. FACTS

Defendant Werner Co. ("Werner") allegedly manufactured and designed a nine-foot fiberglass stepladder sold by Defendant Lowe's Home Centers Inc. ("Lowe's"). On or around December 21, 2008, Michael

Varkalis was using the stepladder in his garage when it buckled and Michael fell and struck his head on the garage floor. He suffered irreversible brain damage and died on August 18, 2009.

### II. PROCEDURAL HISTORY

On March 15, 2010, Mary Varkalis, as independent administrator of Michael Varkalis's estate, filed a seven-count complaint in the Circuit Court of Cook County, Illinois, alleging product liability, negligence, **[*2]** breach of warranty, and a Survival Act claim. Specifically, the plaintiff alleged that "[w]hile Mr. Varkalis was on the ladder, it buckled, causing him to fall with great force and violence to the ground below." Comp. at P6. The complaint further alleged that "as a direct and proximate result of the ladder bucking, Michael Varkalis was severely injured, sustaining irreversible brain damage which led to his death on August 18, 2009." *Id.* at P7. The defendants, Werner and Lowe's, were properly served on March 22, 2010, and March 24, 2010, respectively.

On April 19, 2010, the defendants filed answers and affirmative defenses to the plaintiff's complaint. In addition, they filed a motion to dismiss counts III and VI on the ground that the plaintiff should have filed separate causes of action for breach of express and implied warranties given that separate recovery was available under each. In response to the motion to dismiss, on May 19, 2010, the plaintiff filed an amended complaint removing the word "express" from Counts III and VI, and proceeding only with the breach of implied warranty cause of action against each of the defendants.

On June 1, 2010, the defendants filed a request to **[*3]** admit facts whereby they requested that the plaintiff admit that she sought to recover from the defendants an amount in excess of $75,000, exclusive of interests and costs. One day later, on June 2, 2010,

Robert Burke

EXHIBIT
C

Case: 1:18-cv-02787 Document #: 1 Filed: 04/19/18 Page 10 of 11 PageID #:10

Page 2 of 3
2010 U.S. Dist. LEXIS 84870, *3

the defendants removed the case to this court pursuant to the court's diversity jurisdiction. The plaintiff then filed the instant motion to remand on the ground that the removal was untimely.

## III. ANALYSIS

### A. Standard for Removal

28 U.S.C. § 1446(b) states that a notice of removal must "be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief upon which such action or proceedings is based." 28 U.S.C. § 1446(b). Any procedural defect in a case being removed to federal court must be remanded to the state court. Disher v. Citigroup Global Mkts., Inc., 487 F. Supp. 2d 1009, 1015 (S.D. Ill. 2007)("where there is doubt as to whether the requirements have been satisfied, the case should be remanded.")(internal citations omitted). Under 28 U.S.C. § 1446(b), a defendant may file a notice of removal within thirty days from receipt of an amended pleading. See, e.g., Benson v. SI Handling Systems, Inc., 188 F.3d 780, 782 (7th Cir. 1999)(citing [*4] 28 U.S.C. §1446(b)). However, this general rule applies only when the original complaint is not removable. Mortgage Elec. Registration Sys. v. Rothman, No. 04 C 5340, 2005 U.S. Dist. LEXIS 12270, 2005 WL 497794, at *5 (N.D. Ill. Feb. 28, 2005).

### B. Amount in Controversy

The plaintiff contends that removal was improper as a matter of law because the defendants did not file the notice of removal within thirty days of service of the original complaint, which was April 21, 2010. Instead, the defendants filed their notice of removal on June 2, 2010, and maintain that it was timely regardless of the fact that the filing date was over sixty days from notice of the original complaint. According to what the court understands the defendants to be arguing, it was only when they received the amended complaint that they became aware of the possibility for removal because the amount in controversy alleged in the original complaint was not sufficient to trigger diversity jurisdiction. [1]

Diversity jurisdiction exists where the parties are diverse and where the amount in controversy exceeds $75,000, not including interest and costs. See 28 U.S.C. § 1332(a). There is no dispute that the parties are diverse; rather, the defendants argue that the plaintiff did not adequately state an amount in controversy that would have put the defendants on notice of the possibility for removal to federal court. According to the defendants, the original and amended complaint were ambiguous because they sought [*6] only "a sum in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County," which amounts to $50,000.

Generally, when a complaint does not express the ad damnum in excess of $75,000, the defendant may file its removal notice within thirty days from the plaintiff's admission that she are seeking more than $75,000. Height v. Southwest Airlines, Inc., No. 02 C 2854, 2002 U.S. Dist. LEXIS 13880, 2002 WL 1759800, **2-3 (N.D. Ill. Jul. 29, 2002); Abdishi v. Phillip Morris, Inc., No. 98 C 1310, 1998 U.S. Dist. LEXIS 8640, 1998 WL 311991, at *1-3 (N.D. Ill. June 4, 1998). In this case, on June 1, 2010, the defendants filed a request to admit facts to establish that the amount in controversy exceeded $75,000, but did not wait for a response before filing the notice of removal.

A defendant must employ "a reasonable and commonsense reading" of the complaint to determine removability. RBC Mortgage Comp. v. Couch, 274 F. Supp. 2d 965, 969 (N.D. Ill. 2003)(citing McCoy v. GMC, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002)). A "defendant [is barred from] circumvent[ing] the thirty-day time limit for removal when it is obvious that a complaint states a claim for damages in excess of $75,000, even though it is not explicitly [*7] stated in its ad damnum clause." Gallo v. Homelite Consumer Prods., 371 F. Supp. 2d 943, 947 (N.D. Ill. 2005). Absolute confirmation of the amount in controversy is not necessary where the

---

[1] It is difficult to decipher exactly what the defendants' argument is in response to the motion to remand. While on the one hand they cite to caselaw stating that a defendant may

remove within 30 days after receiving a copy of an amended pleading [*5] from which it may first be ascertained that the case is one which is removable, they also argue that they "technically still have not received a pleading, motion, order, or "other paper" to confirm that this case is removable" and thus, "one could argue that this case is not yet ripe for removal." Response at 2, Dkt. #12 (emphasis in original). They go on to argue that "[h]owever, because plaintiff has not contested the removal on the amount in controversy issue [and instead challenges only as to timeliness], the Court can reasonably assume that she will seek more than $75,000." Id. Either way, both of the defendants' arguments fail for the reasons described later in this order.

2010 U.S. Dist. LEXIS 84870, *5

"plaintiffs allege serious, permanent injuries and significant medical expenses" which exceed $75,000 on the face of the complaint. *Fields v. Jay Henges Enters., No. 06-323-GPM, 2006 U.S. Dist. LEXIS 47948, 2006 WL 1875457, at \*3 (S.D. Ill. June 30, 2006).* See also *RBC Mortgage Co., 274 F. Supp. 2d at 969* (complaints alleging "serious, permanent injuries" are "unambiguous[ly]" ripe for removal because the plaintiff almost certainly will seek more than $75,000)(citation omitted); *McCoy, 226 F. Supp. 2d at 941* (the 30-day removal period under the first sentence of *§ 1446(b)* is triggered when the complaint alleges "serious, permanent injuries and significant medical expenses, [and] it is obvious from the face of the complaint that the plaintiffs' damages exceed[] the jurisdiction[al] amount").

Under this standard, the allegations in the original complaint sufficiently alleged the types of serious, permanent injuries to place the defendants on notice that the plaintiff will "almost certainly" seek more than $75,000 such that the **[\*8]** defendants could have removed the complaint. The defendants may not restart the tolling clock by requiring absolute certainty of the amount in controversy. *Fields, No. 06-323-GPM, 2006 U.S. Dist. LEXIS 47948, 2006 WL 1875457, at \*7* ("defendants should never . . . be able to toll the removal clock indefinitely through reliance on the discovery process to establish jurisdictional prerequisites with absolute certainty"). *See also Huntsman Chem. Corp. v. Whitehorse Techs., No. 97 C 3842, 1997 U.S. Dist. LEXIS 13282, 1997 WL 548043, at \*5 (N.D. Ill. Sept. 2, 1997)(citing Mielke v. Allstate Ins. Co., 472 F. Supp. 851, 853 (D.C. Mich. 1979)*("there is no reason to allow a defendant additional time if the presence of grounds for removal are unambiguous in light of the defendant's knowledge and the claims made in the initial complaint."). Because the removal was untimely, the plaintiff's motion to remand the case to state court is granted. [2]

**IV. CONCLUSION**

For the reasons stated **[\*9]** above, the motion to remand the case to the Circuit Court of Cook County [8-1] is granted. The clerk is directed to remand this matter forthwith.

_____

[2] The plaintiff alternatively argues that the defendants waived their right to remove the case based on their filing of a partial motion to dismiss in state court. Because the court concludes that the removal was untimely, it need not address this alternative basis for remand.

**ENTER: August 18, 2010**

/s/ Blanche M. Manning

**Blanche M. Manning**

**United States District Judge**

_____

End of Document

Robert Burke